UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SENIOR CARE GROUP, INC., individually
and as the representative of a class of
similarly-situated persons,

Plaintiff,

vs.  Case No. 8:17-cv-760-T-27TGW

RED PARROT DISTRIBUTION, INC. and
JOHN DOES 1-5,

Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion to Dismiss Class Action Complaint, (Dkt. 15), and Plaintiff's Memorandum in Opposition, (Dkt. 20). Upon consideration, the Motion is **DENIED**.

## I. Background

Red Parrot Distribution, Inc. is a Florida corporation dealing in pharmaceutical containers. On or about February 23, 2017, a fax advertising the Defendant's products was sent to Plaintiff Senior Care Group, Inc. Plaintiff alleges that this fax was unsolicited, it had no previously existing relationship with Defendant, and the fax was sent in violation of the Telephone Consumer Protection Act (TCPA) as amended by the Junk Fax Prevention Act (JFPA). Plaintiff further alleges that the fax lacked the statutorily required opt-out clause. Plaintiff alleges that these unsolicited faxes were sent to at least forty other parties which shall be found and named during discovery, thereby

1

qualifying for a class action suit.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." At a motion to dismiss, all allegations are accepted as true and viewed in the light most favorable to the Plaintiff. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). For a complaint to survive dismissal for failure to state a claim under Rule 12(b)(6), it does not need to allege that the plaintiff is likely to prevail, it must only allege plausible grounds for the complaint to stand on. *See Jackam v. Hosp. Corp. Of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986). A complaint must seek to establish a plausible argument and give proper notice to the defendant, but it does not require detailed factual allegations to survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. Discussion

### CLASS ACTION CERTIFICATION

Defendant contends that Plaintiff's class allegations are insufficient. Plaintiff alleges, on information and belief, that there are at least forty members of this class. (Dkt. 1 ¶ 18). Plaintiff contends that dismissal is premature at this stage. (Dkt. 20 pp. 9-10).

To certify a class action case, the court must find that the case satisfies Rule 23(a) of the Federal Rules of Civil Procedure: 1) there are too many members of the class for joinder to be practicable, 2) common questions of law and fact exist within the class, 3) common claims/defenses exist within the party, and 4) the representative parties are appropriate for the entire class. Per Rule 23(c)(1), such a decision should be issued by the court "at an early practicable time after a person

sues or is sued as a class representative."

While there are instances where the propriety of class certification is evident from the pleadings, in most cases, it is necessary to go beyond pleadings and allow for discovery and/or an evidentiary hearing.[1] *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008). At this stage, it is premature to determine class certification. The motion to dismiss Plaintiff's class action allegations is denied.

## FAILURE TO STATE A CLAIM

Defendant contends that Plaintiff fails to sufficiently allege that it was the sender of the fax under 47 C.F.R. § 64.1200(f)(10).[2] Plaintiff disputes this claim, contending that the allegations in the complaint properly fulfill the definition of "sender."

The regulation defines sender as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." *Id.* The FCC further clarified the definition in 2008 as a "person or entity whose services are advertised or promoted in the advertisement." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prevention Act of 2005* ("2008 Junk Fax Order"), 23 F.C.C. Rcd. 15059, 15065 n. 49 (2008). The 2008 Junk Fax Order also explains that the sender does not need to be the individual who actually sent the fax, only that the sender is the benefitting party. *Id.* at 15069 n. 60.

---

[1] As Plaintiff recognizes, this issue has previously come before this Court. *See Arkin v. Innocutis Holdings, LLC*, 188 F.Supp 3d 1304, 1312 (M.D. Fla. May 26, 2016).

[2] The regulation has been amended, but the definition of sender has remained constant since August 1, 2006. Compare *2006 Final Rule*, 71 FR at 25979 (eff. Aug. 1, 2006), *with* 47 C.F.R. § 64.1200 (f)(10) (eff. Oct. 16, 2013).

Plaintiff alleges that on or about February 23, 2017, Defendant sent it an unsolicited fax. (Dkt. 1 ¶ 11). The fax, attached as Exhibit A, is an advertisement prominently displaying Defendant's name, the goods and services that it purveys, and its contact information. And, Plaintiff alleges that it received an unsolicited fax "sent by or on behalf of the Defendants advertising products, goods and services of the Defendants during the Class Period." (Dkt. 1 ¶ 20). Because Plaintiff's allegations fulfill the statutory definition of sender, Defendant's Motion to Dismiss is denied.

## IV. Conclusion

Accordingly, Defendant's Motion to Dismiss Class Action Complaint (Dkt. 15) is **DENIED**. Defendant shall answer the Complaint within **fourteen (14) days**.

**DONE AND ORDERED** this 31st day of July, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

4